IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YULONDA ROBINSON,

        Plaintiff,

                              3:12-cv-00127-PK

                              OPINION AND ORDER

v.

JONES LANG LASALLE AMERICAS, Inc.
an Illinois Corporation,

        Defendant.

---

PAPAK, Judge:

       Plaintiff Yulonda Robinson brings this employment discrimination action against defendant Jones Lang LaSalle Americas, Inc. ("Jones Lang"). Robinson alleges claims for race discrimination under 42 U.S.C. § 1981, and Or. Rev. Stat. § 659A.030, and retaliation under Title VII and Or. Rev. Stat. § 659A.030(1)(f). Now before the court is Jones Lang's motion to compel discovery. (#24.) For the reasons below, defendant's motion is granted in part and denied in part.

       Jones Lang seeks to compel discovery in three categories: (1) all of Robinson's email and

OPINION AND ORDER- Page 1

text message communications with current and former Jones Lang employees[1]; (2) all social media content involving Robinson since July 1, 2008, including photographs, videos, and blogs, as well as Facebook, LinkedIn, and MySpace content that reveals or relates to Robinson's "emotion, feeling, or mental state," to "events that could be reasonably expected to produce a significant emotion, feeling, or mental state," or to allegations in Robinson's complaint[2]; and (3) information concerning Robinson's prior employment since she left high school, including employer names, addresses and telephone numbers, dates of employment, and position worked.[3]

Federal Civil Procedure Rule 26(b)(1) provides that "any matter, not privileged, that is relevant to the claim or defense of any party" is discoverable, and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, district courts have discretion to limit the scope of discovery if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed, R. Civ. P. 26(b)(2)(C).

I.  **Emails, Text Messages, and Social Media Content**

---

[1] Pursuant to RFP Nos. 68 and 69.

[2] Pursuant to RFP Nos. 70-79.

[3] Pursuant to Special Interrogatory No. 1.

OPINION AND ORDER- Page 2

Although plaintiff addresses the first and second categories of discovery separately, I see no principled reason to articulate different standards for the discoverability of communications through email, text message, or social media platforms. I therefore fashion a single order covering all these communications.

The most frequently cited and well-reasoned case addressing the discoverability of social media communications involving emotional distress is *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 432 (S.D. Ind. 2010) ("*Simply Storage*").[4] There, where employment discrimination plaintiffs alleged emotional distress that went beyond "garden variety," the court permitted discovery of social media communications relevant to plaintiffs' emotional distress claims, even though those communications did not reference the events described in plaintiffs' complaint. *Id.* at 434-436. The court explained:

> It is reasonable to expect severe emotional or mental injury to manifest itself in some [social media] content, and an examination of that content might reveal whether onset occurred, when, and the degree of distress. Further, information that evidences other stressors that could have produced the alleged emotional distress is also relevant.

*Id.* at 435. In essence, the court recognized that social media can provide information inconsistent with a plaintiff's allegation that defendant's conduct caused her emotional distress, whether by revealing alternate sources of that emotional distress or undermining plaintiff's allegations of the severity of that distress. Consequently, the court authorized discovery of:

> [A]ny profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) and [social media] applications for

---

[4] At least one recent published district court opinion adopted the reasoning of *Simply Storage*. *See Holter v. Wells Fargo & Co.*, 281 F.R.D. 340 (D. Minn. 2011). Moreover, treatises and law reviews discuss *Simply Storage* at length as the benchmark case in this area. *See, e.g.,* Merrick T. Rossein, 1 Employment Discrimination Law and Litigation § 14:33.70 (2012 ed.); Steven S. Gensler, *Special Rules for Social Media Discovery?*, 65 Ark. L. Rev. 7, 17 (2012).

OPINION AND ORDER- Page 3

> [plaintiffs] for the [relevant period] that reveal, refer, or relate to any emotion, feeling, or mental state, as well as communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state.
>
> \*\*\*
>
> Third-party communications to [plaintiffs] . . . if they place these [plaintiffs'] own communications in context.

*Id.* at 436.

Here, plaintiff has already agreed to provide social media content directly referencing her allegedly discriminatory supervisor or "work-related emotions." Generally consistent with the principles explained in *Simply Storage* regarding the proper scope of electronic discovery relevant to alleged emotional distress damages, the court also orders plaintiff to produce:

> (1) any:
>   (a) email or text messages that plaintiff sent to, received from, or exchanged with any current and former employee of defendant, as well as messages forwarding such messages; or
>   (b) online social media communications by plaintiff, including profiles, postings, messages, status updates, wall comments, causes joined, groups joined, activity streams, applications, blog entries, photographs, or media clips, as well as third-party online social media communications that place plaintiff's own communications in context;
> (2) from July 1, 2008 to the present;
> (3) that reveal, refer, or relate to:
>   (a) any significant emotion, feeling, or mental state allegedly caused by defendant's conduct; or
>   (b) events or communications that could reasonably be expected to produce a significant emotion, feeling, or mental state allegedly caused by defendant's conduct.

The first category of communications – any emotion, feeling, or mental state that plaintiff alleges to have been caused by defendant – is meant to elicit information establishing the onset, intensity, and cause of emotional distress allegedly suffered by plaintiff because of defendant during the relevant time period. The second category– events or communications that could

OPINION AND ORDER- Page 4

reasonably be expected to produce a significant emotion, feeling, or mental state allegedly caused by defendant's conduct– is meant to elicit information establishing the absence of plaintiff's alleged emotional distress where it reasonably should have been evident. As *Simply Storage* recognized, it is impossible for the court to define the limits of discovery in such cases with enough precision to satisfy the litigant who is called upon to make a responsive production. 270 F.R.D. at 436. Nevertheless, the court expects counsel to determine what information falls within the scope of this court's order in good faith and consistent with their obligations as officers of the court. Defendant may, of course, inquire about what "has and has not been produced and can challenge the production if it believes the production falls short of the requirements of this order." *Id.* Moreover, the parties may ask the court to revise this order in the future based on the results of plaintiff's deposition or other discovery.

## II.   Prior Employment Information

Defendant seeks basic information concerning plaintiff's prior employment back to her exit from high school more than 20 years ago. I decline to delve deeply into the hypothetical relevance of various employment documents that are not currently requested by defendant, as the parties do in their briefing. Suffice it to say that the mere existence and nature of plaintiff's relatively recent prior employment may be relevant to plaintiff's claims. Accordingly, plaintiff must identify the name, address and telephone number of the employer, dates of employment, and position for all employment since July 1, 1998, approximately ten years prior to the beginning of her work with Jones Lang.

//

//

OPINION AND ORDER- Page 5

## CONCLUSION

For the reasons stated above, defendant's motion to compel (#23) is granted in part and denied in part.

IT IS SO ORDERED.

Dated this 29th day of August, 2012.

Honorable Paul Papak
United States Magistrate Judge